FILED
CLERK, U.S. DISTRICT COURT

1/18/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GAYAN PELAWATTA and NORMA SORTO,<br><br>　　　　Defendants. | CR No. 2:24-cr-00043-SPG<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1349: Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A. OBJECT OF THE CONSPIRACY

1. Beginning on an unknown date and continuing through at least in or around September 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants GAYAN PELAWATTA and NORMA SORTO conspired with each other and others known and unknown to the Grand Jury to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

B.  MANNER AND MEANS OF THE CONSPIRACY

2.  The object of the conspiracy was to be accomplished, in substance, as follows:

    a.  Defendant PELAWATTA and other co-conspirators would identify residential properties (the "Targeted Properties") that, unbeknownst to their owners, they would use as collateral for fraudulent loans to be obtained from hard money lenders.

    b.  Defendant PELAWATTA and other co-conspirators would obtain the personal identifying information of the owners of the Targeted Properties without their knowledge.

    c.  Defendant SORTO would acquire preliminary title reports for the Targeted Properties so that she and defendant PELAWATTA could evaluate whether they were encumbered.

    d.  Defendants PELAWATTA and SORTO would direct others to complete and submit fraudulent loan applications to lenders listing the Targeted Properties as collateral and using the stolen identities of the owners of the Targeted Properties.

    e.  Defendant PELAWATTA would direct others to pose as owners of the Targeted Properties when interacting with lenders.

    f.  Using interstate and foreign wire communications, PELAWATTA and SORTO would provide others with information related to the Targeted Properties, including the personal identifying information of their owners.

C.  OVERT ACTS

3.  In furtherance of the conspiracy and to accomplish its object, on or about the following dates, defendants PELAWATTA and SORTO and others known and unknown to the Grand Jury, committed

various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

   Overt Act No. 1:   On March 2, 2023, defendants PELAWATTA and SORTO met at a restaurant in Northridge, California, with an individual that they believed to be a corrupt mortgage broker but who was, in reality, a confidential source ("CS") to discuss securing loans against the Targeted Properties, including a property in Hidden Hills, California (the "Hidden Hills Property").

   Overt Act No. 2:   On March 3, 2023, in an electronic communication, defendant PELAWATTA sent the CS the name, social security number, date of birth, and driver's license number of T.J.F., the owner of the Hidden Hills Property.

   Overt Act No. 3:   On March 6, 2023, in an electronic communication, defendant SORTO sent the CS the name, social security number, date of birth, and driver's license number of T.J.F., the owner of the Hidden Hills Property.

   Overt Act No. 4:   On March 14, 2023, in an electronic communication, defendant SORTO sent the CS a preliminary title report for the Hidden Hills Property.

   Overt Act No. 5:   On April 11, 2023, in an electronic communication, defendant PELAWATTA sent the CS the address of a property in Malibu, California (the "Malibu Property").

   Overt Act No. 6:   On April 13, 2023, in an electronic communication, defendant PELAWATTA informed the CS "Malibu is ready sir 🍺."

   Overt Act No. 7:   On April 13, 2023, in an electronic communication, defendant PELAWATTA sent the CS the names, social

security numbers, dates of birth, driver's license numbers, and mailing address of W.C. and D.C., owners of the Malibu Property.

Overt Act No. 8:   On April 13, 2023, in an electronic communication, defendant SORTO sent the CS the address of the Malibu Property.

Overt Act No. 9:   On April 13, 2023, in an electronic communication, defendant SORTO sent the CS the names, social security numbers, dates of birth, driver's license numbers, and mailing address of W.C. and D.C., the owners of the Malibu Property.

Overt Act No. 10:   On April 13, 2023, defendant SORTO caused an interstate wire communication, namely, an email, to be sent to Chicago Title Company requesting a preliminary title report on the Malibu Property.

Overt Act No. 11:   On April 18, 2023, in an electronic communication, defendant SORTO sent the CS a preliminary title report for the Malibu Property that had been prepared by Chicago Title Company.

Overt Act No. 12:   On April 24, 2023, in an electronic communication, defendant PELAWATTA asked the CS, "What is the minimum loan amount we can get on Malibu?"

Overt Act No. 13:   On April 25, 2023, in an electronic communication, defendant PELAWATTA asked the CS, "Can you get 400k for Malibu?  Or let me know what amount you can close?"

Overt Act No. 14:   On April 27, 2023, in an electronic communication, defendant PELAWATTA sent the CS photographs of driver's licenses and social security cards containing W.C. and D.C.'s true names, dates of birth, driver's license numbers, and social security numbers.

4

Overt Act No. 15:  On May 3, 2023, defendant PELAWATTA used foreign wire communications, by making a phone call and sending electronic communications from Panama to the United States, to discuss the scheme with the CS.

Overt Act No. 16:  On May 19, 2023, a co-conspirator posed as W.C. in a phone call with an individual that he believed was a prospective lender for the Malibu Property but who was, in reality, an undercover law enforcement agent.

Overt Act No. 17:  On May 23, 2023, in a phone call, defendant PELAWATTA told the CS that the deal involving the Malibu Property needed to close.

Overt Act No. 18:  On September 12, 2023, defendant PELAWATTA gave the CS documents, including bank statements, to use to secure a loan against a property in Hawthorne, California.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT PELAWATTA]

On or about April 13, 2023, in Los Angeles County, within the Central District of California, defendant GAYAN PELAWATTA knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant PELAWATTA knew belonged to another person, namely, the names, social security numbers, and dates of birth belonging to victims W.C. and D.C., during and in relation to the offense of Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

## COUNT THREE

[18 U.S.C. § 1028A(a)(1)]

[DEFENDANT SORTO]

On or about April 13, 2023, in Los Angeles County, within the Central District of California, defendant NORMA SORTO knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant SORTO knew belonged to another person, namely, the names, social security numbers, and dates of birth of victims W.C. and D.C., during and in relation to the offense of Conspiracy to Commit Wire Fraud, a felony violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2.   Any defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

   (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                            /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Corporate & Securities
  Fraud Strike Force

KELLY LAROCQUE
Assistant United States Attorney
General Crimes Section